IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANTONIO DEQUAN ELLIOTT                                    PLAINTIFF
ADC #182795

v.                          No: 3:23-cv-00184-BSM-PSH

MARJORIE PARROTT, *et al.*                               DEFENDANTS

## ORDER

Before the Court is a letter filed by plaintiff Antonio Dequan Elliott (Doc. No. 5). Elliott asks to be transferred to another prison. That request is DENIED. The Court does not interject itself into prison administration and cannot award injunctive relief without a proper motion.[1] *See* Local Rule 7.2(e), Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas ("Pretrial motions for temporary restraining orders, motions for preliminary injunctions, and motions to dismiss, shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief.").

---

[1] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995). In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 519-521 (citing *Modern Computer Systems v. Modern Banking Systems,* 871 F.2d 734, 737 (8th Cir. 1989) (en banc)).

IT IS SO ORDERED this 19th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE