IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANTONIO DEQUAN ELLIOTT                                              PLAINTIFF
ADC #182795

v.                          No: 3:23-cv-00184-PSH

MARJORIE PARROTT, *et al.*                                         DEFENDANTS

MEMORANDUM AND ORDER

### I. Introduction

Plaintiff Antonio Dequan Elliott, an Arkansas Division of Correction inmate, filed this *pro se* civil rights action raising Eighth Amendment deliberate indifference claims against defendants Field Captain Bruce Sanders (the "ADC Defendant") and medical providers Marjorie Hall Parrott, Sandra Lake, and Candice Selvey (the "Medical Defendants") (Doc. Nos. 2 & 11). Specifically, he alleges that the Medical Defendants failed to adequately treat his injured wrist and that Sanders kept him assigned him to field duty despite the problems with his wrist. The Court granted Elliot's application for leave to proceed *in forma pauperis* and directed that defendants be served. *See* Doc. Nos. 4 & 14.

Before the Court are motions for summary judgment, briefs in support, and statements of undisputed facts filed by the Medical Defendants (Doc. Nos. 16-18) and by the ADC Defendant (Doc. Nos. 26-28). These defendants seek judgment as

a matter of law on grounds that Elliot did not exhaust his administrative remedies as to his claims against them before he filed this action. Elliott filed a response to the defendants' motions (Doc. No. 32), but despite the Court's order notifying Elliott of his opportunity to file a statement of disputed facts, he did not do so. *See* Doc. Nos. 19 & 29. Accordingly, the defendants' statements of undisputed facts, Doc. Nos. 18 & 28, are deemed admitted. *See* Local Rule 56.1(c). For the reasons described herein, the pending motions for summary judgment are granted.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but instead must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must

be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

ADC Defendant Sanders and Medical Defendants Parrott, Lake, and Selvey argue that Elliot's claims against them should be dismissed because he failed to exhaust his administrative remedies before he filed this lawsuit.  In support of their motion, the Medical Defendants submitted a declaration by Brandy Johnson, the ADC's Medical Grievance Supervisor (Doc. No. 18-1), and a copy of the ADC's grievance procedure, Administrative Directive 19-34 (Doc. No. 18-2).  Sanders

submitted a declaration by Terri Grigsby Brown, the ADC's Inmate Grievance Supervisor (Doc. No. 26-1); a copy of the ADC's grievance procedure, Administrative Directive 19-34 (Doc. No. 26-2); a copy of Elliott's Grievance History (Doc. No. 26-3); and a copy of grievance NC-23-00323 (Doc. No. 26-4). Elliot did not submit any additional grievances with his response. *See* Doc. No. 32.

A.   ***Exhaustion of Administrative Remedies***

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure.  *See* Doc. No. 26-2 at 5.  To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident.  *Id.* at 1-2, 7.  Inmates are to "specifically name each individual involved" so that the ADC may complete a proper investigation and response.  *Id.* at 5.  The policy provides that only one grievance form

> can be submitted per grievance and only one problem/issue should be stated in the grievance, not multiple problems/issues.  An inmate must use a separate form for each issue. Only one issue will be addressed. Additional problems/issues contained in the grievance will not be considered as exhausted.

*Id*.  An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."  *Id*. at 7.

A problem solver investigates the complaint and provides a written response at the bottom of the form.  *Id.* at 7-8.  If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance.  *Id.* at 8.  If a formal grievance is medical in nature, it is forwarded to the appropriate medical personnel for response.  *Id.* at 10.  If the inmate receives no

response, or if the inmate is not satisfied with the response, the inmate can appeal to the Deputy Director for Health and Correctional Programs within five working days. *Id.* at 12-13. Once the Deputy Director responds or the appeal is rejected, the grievance process is complete. *Id.* at 13. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 14. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

### B.     *Elliot's Grievances*

According to medical grievance supervisor Johnson's declaration, Elliot submitted four grievances between June 26, 2023 (the date he says he arrived in intake at the ADC) and October 13, 2023 (the date he filed his amended complaint in this lawsuit). Doc. No. 18-1 at 1, ¶4. Two of those grievances related to medical issues: NC-23-00377 and NC-23-00382. *Id.* at ¶5. According to Johnson, neither of those grievances were appealed to the Deputy Director for Health and Correctional Programs. *Id. See also* Doc. No. 29-3 (list of grievances submitted by Elliot listing these two grievances with "Health Services Responded" noted as the last action taken with respect to each grievance).

Inmate grievance supervisor Brown also reviewed Elliot's grievance history in her declaration (Doc. No. 26-1). She found that Elliott submitted one relevant

non-medical grievance between May 24, 2023 (the date of his incarceration), and September 8, 2023 (the date he initiated this lawsuit): Grievance NC-23-00323. *Id.* at 6, ¶¶33-34. Elliott initiated this grievance on July 11, 2023, and complained that he had been injured while working Hoe Squad. Doc. No. 26-4 at 5. He stated that he reported the injury to Sergeant Seay and was told that he would be given a disciplinary if he went to the nurse. *Id.* Elliott also stated that he was not equipped for Field Utility due to his broken wrist and swelling in his leg and foot. *Id.* Elliott did not receive a Step One response to Grievance NC-23-00323 and proceeded to Step Two. *Id.* His Step Two grievance was rejected as untimely because it was received on July 20, 2023, more than six working days after he originally submitted it. *Id.* at 3 & 15.

C.      ***Exhaustion as to the Medical Defendants***

Elliot sues Medical Defendants Parrott, Lake, and Selvey for failing to provide appropriate medical treatment for his injured wrist. Doc. No. 2 at 4, 6-9; Doc. No. 11 at 4-5. The Medical Defendants argue that Elliot did not exhaust administrative remedies with respect to this claim because he did not appeal the response he received for either medical grievance filed during the relevant time period. Doc. No. 17 at 3. The Court agrees. Elliott failed to correctly follow all steps of the grievance procedure. The ADC's grievance procedure requires that an appeal be submitted within five working days. Doc. No. 26-2 at 12. Elliott's grievance history shows

that he did not appeal a medical grievance during the relevant time period. *See* Doc. No. 26-3. Proper exhaustion "'means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Elliot's claims against the Medical Defendants are therefore dismissed without prejudice due to Elliot's failure to exhaust available administrative remedies.

### D.     *Exhaustion as to ADC Defendant Sanders*

Elliot sues Sanders for keeping him on field duty despite his injured wrist. Doc. No. 11 at 5. Sanders argues that Elliot did not exhaust administrative remedies with respect to this claim because he did not submit a grievance naming or describing Sanders. Doc. No. 27 at 9-10. The ADC grievance policy requires inmates to name each individual involved. *See* Doc. No. 26-2 at 5. Elliott named Sergeant Seay in Grievance NC-23-00323. He did not name or describe Sanders or his claim that Sanders kept him on field duty despite his injured wrist. Accordingly, he has not exhausted that claim, and it is dismissed for failure to exhaust.

The Court further notes that even if Elliot had adequately described Sanders in Grievance NC-23-00323, he still failed to exhaust because he failed to timely proceed to Step Two. *See* Doc. No. 26-2 at 8, ¶11 (providing that an inmate has six working days to proceed to Step Two if he does not receive a Step One response).

## IV.  Conclusion

For the reasons stated herein, the defendants' motions for summary judgment (Doc. Nos. 16 & 26) are granted, and Elliot's claims against Sanders, Parrott, Lake, and Selvey are dismissed without prejudice due to Elliot's failure to exhaust available administrative remedies.

SO RECOMMENDED this 23rd day of April, 2024.

_____
UNITED STATES MAGISTRATE JUDGE